■ CENTRAL PARK STUDIOS, INC., et al., Respondents, and FEDERAL INSURANCE COMPANY, Plaintiff-Intervenor, v MICHAEL SLOSBERG et al., Defendants, and DELOS INSURANCE COMPANY, Formerly Known as SIRIUS AMERICA INSURANCE COMPANY, Appellant. [993 NYS2d 902]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered February 26, 2014, which declared that plaintiff Insurance Company of Greater New York's (INSCO) policy and defendant Delos Insurance Company's (Delos) excess policy are the same excess level and must provide coinsurance on an equal basis in the underlying personal injury action, unanimously affirmed, without costs.

Based on the language of the policies at issue, the motion court properly determined that INSCO and Delos must provide excess coverage at the same excess level and share costs equally (*see State Farm Fire & Cas. Co. v LiMauro*, 65 NY2d 369, 375-376 [1985]). The language utilized in the Delos policy, which provides excess coverage solely to the Delos primary policy noted on its declarations page, does not negate the possibility of contribution from other insurers. More importantly, the policy does not contain an "other insurance" clause, distinguishing this case from those in which we have found that the excess policy was intended to provide coverage only after all other coverage was exhausted, including other excess policies (*see LiMauro*, 65 NY2d at 375; *Bovis Lend Lease LMB, Inc. v Great Am. Ins. Co.*, 53 AD3d 140, 148 [1st Dept 2008]). Notably, the Delos excess policy fails to indicate its premium, another indicium of its intent to provide the insured with final tier coverage at a reduced premium (*see Bovis Lend Lease*, 53 AD3d at 148). Concur—Gonzalez, P.J., Mazzarelli, Andrias, DeGrasse and Clark, JJ.